## 29048. ATLANTA FLOUR AND GRAIN COMPANY *v.* FIRST NATIONAL BANK OF WACO, TEXAS.

DECIDED OCTOBER 18, 1941.

*T. J. Lewis, Harry M. Wengrow,* for plaintiff.

*Alston, Foster, Moise & Sibley,* for defendant.

FELTON, J.  The Atlanta Flour & Grain Company, for convenience hereinafter called the plaintiff, filed an attachment in the civil court of Fulton County against the First National Bank of Waco, Texas, and the Clement Grain Company, hereinafter referred to as the grain company.  Service was perfected on the Waco Bank only, the Fulton National Bank having answered a summons of garnishment served on it, admitting an indebtedness to the Waco Bank but denying any indebtedness to the grain company.  The answer of the garnishee set forth that it had in its hands certain sums which were the property of the Waco Bank, and that it came into possession of these sums by virtue of the collection of a draft, drawn on the plaintiff and sent to the garnishee by the Waco Bank with the representation on the part of the Waco Bank that the draft was the property of the Waco Bank, and that the Waco Bank was the owner of the proceeds thereof.  The answer denied any indebtedness to the grain company.  Thereafter the plaintiff filed a declaration in attachment in which it sought to set up that it had purchased certain goods from the grain company, and set out certain facts which it is contended constituted such fraud as would render the grain company and the garnishee liable to it for the proceeds of the draft which was paid by the plaintiff in order to obtain the bill of lading to the goods bought from the grain company.  There was no traverse of the answer of the garnishee.  Both of the defendants named in the declaration in attachment are domiciled in the State of Texas.  The Waco Bank filed its demurrer, which was sustained, and the exception is to the order sustaining the general demurrer to the declaration.

Under this state of the record we do not think the court erred in sustaining the demurrer.  It must be remembered that the record discloses, and it is so admitted in the brief of the plaintiff,

that no jurisdiction was obtained of the grain company, and jurisdiction of the Waco Bank was obtained by virtue of the fact that the Fulton Bank admitted indebtedness to the Waco Bank. But in the answer of the garnishee it is set forth that the funds in its hands are the funds of the Waco Bank. Under the allegations of the declaration there can obviously be no recovery against the garnishee unless there is a traverse of this answer. The declaration in attachment and the summons of garnishment are trying to reach, not the funds of the Waco Bank, but the funds of the grain company in the hands of the garnishee. In the absence of a traverse of the answer of the garnishee the plaintiff is bound by the facts set forth therein that the funds in the hands of the garnishee are the funds of the Waco Bank. It is true that in the declaration in attachment the plaintiff alleges that though the Waco Bank claims to be a bona fide holder of the draft it was not in fact such bona fide holder, yet the plaintiff is still bound by the fact that the garnishee answered that it held funds which were the property of the Waco Bank. There are no allegations of conspiracy. The cause of action of the plaintiff, if any it has, must arise by virtue of the transaction with the grain company. The grain company is not a party to this action, and the answer to the garnishment sets up that any money involved is the property of the Waco Bank, and there being no allegations which would render the Waco Bank jointly and severally liable with the grain company, the court correctly held that there was no cause of action against the Waco Bank and sustained the general demurrer to the declaration in attachment.

*Judgment affirmed.*    *Stephens, P. J., and Sutton, J., concur.*